UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                              Case No. 16-56000

GWENDOLYN E. MINGO,                 Chapter 13

                Debtor.                                Judge Thomas J. Tucker
_____/

GWENDOLYN E. MINGO,                 Adv. Pro. No. 17-4257

                Plaintiff,

vs.

J.P. MORGAN CHASE BANK, N.A.,

                Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

      This adversary proceeding is before the Court on the Plaintiff's motion entitled "Emergency Motion to Reconsider/Reopen, and to Vacate Order of Dismissal of Adversary Proceeding, to Request a Stay of Foreclosure by JP Morgan Chase Pending this Court's Decision on this Motion and to Request Extension of Time to Seek New Counsel," filed May 16, 2017 (Docket # 26, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's May 15, 2017 Order Granting Defendant's motion to dismiss this adversary proceeding (Docket # 25).

      The Court finds that the Plaintiff's Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

      The Court also finds that the allegations in the Motion do not establish grounds under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the order dismissing this adversary proceeding.

      In addition, the Court notes the following. Plaintiff's Motion alleges that Plaintiff's attorney's failure to file a timely response to Defendant's motion to dismiss has "created grave prejudice to the Plaintiff" by leading to the dismissal of this adversary proceeding, and that the failure to respond to Defendant's motion to dismiss was solely the fault of Plaintiff's attorney,

not the personal fault of the Plaintiff. Plaintiff's argument is without merit, for several reasons.

First, the Court's decision and order granting Defendant's motion to dismiss this adversary proceeding was not the result only of Plaintiff's failure to file a timely response to the motion. As the Court's dismissal order indicates, the dismissal also was based on the merits of the motion. *See* May 25, 2017 Order (Docket # 25) (finding the Defendant's motion to dismiss to be well-taken "for the reasons argued in the Motion").

Second, any neglect or mistake by Plaintiff's counsel is attributable to the Plaintiff herself, for purposes of determining whether such neglect or mistake was excusable within the meaning of Fed. R. Civ. P. 60(b)(1). *See, e.g.*, *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 396-97 (1993) (in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable" (italics in original)). In the *Pioneer Investment* case, the United States Supreme Court reasoned:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" . . .
>
> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.

507 U.S. at 397 (quoting, in part, *Link v. Wabash Railroad. Co.*, 370 U.S. 626, 633-34 (1962)).

Third, the Motion does not allege anything that would permit the Court to find that any neglect or mistake of Plaintiff's counsel is *excusable*.

Fourth, Plaintiff's Motion invokes Civil Rule 60(b)(6), in addition to Rule 60(b)(1). But under Rule 60(b)(6), relief is appropriate "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *In re Cassidy*, 273 B.R. 531, 537 (Bankr., N.D. Ohio 2002) (*citing Blue Diamond Coal Co. v Trustees of the UMWA Combined Benefit Fund*, 249 F. 3d 519, 524 (6th Cir. 2001)); *see also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) (same). "This is because 'almost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)." *Cassidy*, 273 B.R. at 537 (*citing Olle v Henry & Wright Corp.,* 910 F. 2d 357, 365 (6th Cir. 1990).

This case does not present such "exceptional or extraordinary circumstances." The

circumstances here — a dismissal order entered in part due to the alleged mistake/error by Plaintiff's counsel in failing to timely respond to the Defendant's motion to dismiss — are addressed by Rule 60(b)(1), particularly the "excusable neglect" provision of Rule 60(b)(1), and the facts and arguments in Plaintiff's Motion do not make a showing of such "excusable neglect" under that rule.

Fifth, the Motion has not alleged, argued, or demonstrated any reason why the Court could find that the granting of Defendant's motion to dismiss was not required by applicable law, based on the doctrines of *res judicata* and collateral estoppel, as argued by the Defendant's motion.

Sixth and finally, the Plaintiff's Motion appears to assume that until the Court dismissed this adversary proceeding by entering the May 15, 2017 Order, there was some automatic stay or other stay or injunction in place that prevented Defendant from proceeding with a foreclosure sale. That is not correct. No automatic stay ever arose in Plaintiff's currently-pending bankruptcy case, for the reasons explained in the orders filed in that case on December 28, 2016 and on January 25, 2017 (Docket ## 17 and 46 in Case No. 16-56000). And no stay or injunction of any kind was ever imposed by any order of this Court, either in the main bankruptcy case or in this adversary proceeding.

For all of these reasons,

IT IS ORDERED that Plaintiff's Motion (Docket # 26) is denied.

**Signed on May 17, 2017**  /s/ Thomas J. Tucker
　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**